Roberts *against* Ellsworth and another :

IN ERROR.

Where the plaintiff in an action of book debt, for the purpose of discrediting the defendant's account, offered evidence to shew, that the defendant was generally reputed to keep inaccurate, false and fraudulent accounts, and that the defendant's books, kept by him, were generally reputed to be inaccurate, false, and fraudulent, and below *par* for carefulness, integrity and truth ; it was held, that such evidence was inadmissible.

This was an action of book debt ; which was referred to auditors. Upon the trial before them, the plaintiff, to prove that the defendants' book account was not entitled to credit, offered evidence to show, that *Ransom P. Ellsworth*, one of the defendants, who made the charges, and with whom the business relating to the account was principally transacted, was generally reputed to keep inaccurate, false and fraudulent accounts, and that the defendants' books, kept by him, were generally reputed to be inaccurate, false and fraudulent, and below *par* for carefulness, integrity and truth. To the admission of this evidence the defendants objected ; and the auditors excluded it, and found that the defendants owed the plaintiff nothing by book. The court accepted the report ; and thereupon rendered judgment for the defendants. The plaintiff filed his motion in error, and brought the case before this court for revision.

*T. Smith* and *Hall*, for the plaintiff, urged the following considerations in favour of admitting the evidence in question.

In the first place, its admission is authorized by the jurisprudence of other states. *Poth. Oblig.* No. 719. *Vosburgh* v. *Thayer*, 12 *Johns. Rep.* 461.

Secondly, evidence of this nature is indispensable to establish a claim in favour of the estate of a deceased person.

Thirdly, it is also necessary in the case of a person whose general character for truth is bad, while that for book-keeping is perfectly good.

Fourthly, the rule proposed by the plaintiff will establish an important guard against false accounts. It is in accordance with the principle that pervades the whole train of decisions on

this subject.  *Sw. Ev.* 81.  *Punderson* v. *Shaw, Kirby* 150.  *Bradley* v. *Goodyear,* 1 *Day* 104.  *Terrill* v. *Beecher,* 9 *Conn. Rep.* 344.  *Stocking* v. *Sage* & al. 1 *Conn. Rep.* 75.  *Beach* v. *Mills,* 5 *Conn. Rep.* 493.  It will not only greatly assist in detecting fraud, but it will hold out a strong motive for strict integrity and scrupulous exactness in keeping accounts.

*Litchfield,* June, 1836.

Roberts *v.* Ellsworth.

Fifthly, the enquiry as to character should be co-extensive with the defendant's proof.  The book is the principal evidence; the oath of the party merely supplementary.  *Swift's Ev.* 81.  *Cogswell* v. *Dolliver,* 2 *Mass. Rep.* 217.  Why should the question of character be restricted to the suppletory evidence?

Sixthly, the question as to the character of the party for *truth,* does not comprehend the whole merits of the subject.

Seventhly, the plaintiff had a right to impeach the character of the defendant for truth, by shewing that he had the general reputation of keeping false accounts.  The specific aspect of character may always be exhibited, especially when it can be thus connected with the matter in controversy.  *Treat* v. *Browning,* 4 *Conn. Rep.* 408.  Earl of *Leicester* v. *Walter,* 2 *Campb.* 251.  ―― v. *Moor,* 1 *Mau. & Selw.* 285.

Eighthly, the evidence would constitute the basis of a reasonable presumption or inference touching the matter in controversy between the parties.

Ninthly, no injustice can be done, by this evidence, as every one is prepared to vindicate his general character.

Tenthly, if a man is an inaccurate and unskilful book-keeper, though not a dishonest one, should not his character in that respect, be proved?

If any part of the evidence offered by the plaintiff was admissible, the judgment below was erroneous, as the whole of it was excluded.  [The counsel then proceeded to anticipate and answer objections.]

*P. Miner,* for the defendants, was stopped by the court.

WAITE, J.  The character of the defendant who kept the books, was not in issue in this case, unless he was produced as a witness; and then, the only enquiry which could properly be made, was respecting his general character for truth.  General

*Litchfield,*
*June, 1836.*

Roberts
*v.*
Ellsworth.

evidence only, and not evidence as to the particular facts or employments, was to be received. The conduct of a person in particular instances may be such as to affect his general reputation; but he can only be impeached, by proving the latter to be bad.

Neither was the general character of the defendants' books in issue. Were a man to bring a suit for a promissory note, could the defendant, for the purpose of preventing a recovery, introduce evidence to show, that the plaintiff's notes were generally reputed to be false, forged or usurious? Or that the plaintiff was generally reputed to be a usurer, or a man dishonest in his dealings? No principle or practice would sanction the admission of such evidence.

In the case under consideration, no evidence was admissible, to shew, that the defendant, with whom the plaintiff dealt, was *generally reputed* to be dishonest in his dealings or inaccurate in his accounts; or that the defendants' books were *generally reputed* to be inaccurate or fraudulent. The auditors did right in rejecting the testimony offered.

We are, therefore, of opinion, that there is no error in the judgment complained of.

In this opinion the other Judges concurred.

Judgment affirmed.